O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DUDRA, | Case No. CV 07-05500 DDP (SSx) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FAIRFIELD INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| FAIRFIELD INSURANCE COMPANY, TRANSPORTATION ASSOCIATION SOLUTIONS, INC., | [Motion filed on December 20, 2007] |
| Defendants. | |

This matter is before the Court on Fairfield Insurance Company's motion for summary judgment. After reviewing the papers submitted by the parties and considering the arguments therein, the Court grants the motion in part and denies the motion in part.

**I.   BACKGROUND**

This case concerns plaintiff William Dudra's ("Dudra") entitlement to permanent disability benefits under an occupational accident policy issued by defendant Fairfield Insurance Company's ("Fairfield"). Fairfield issued the policy to Interstate

Distributors Company for the period September 1, 2001 to September 1, 2002. Dudra was a driver with Interstate Distributors Company ("Interstate"). It appears that at least some portion of the premiums were paid by Dudra through deductions by Interstate.

On April 7, 2002, Dudra was injured when the tractor-trailer he was operating overturned. On April 15, 2002, Dudra filed a claim with Fairfield. Fairfield paid Dudra's medical expenses and paid Dudra temporary disability benefits for two years, the maximum period under the policy.

On October 24, 2002, Dudra filed a statutory workers' compensation claim for his injuries. On October 12, 2004, Dudra entered into a Compromise and Release ("C & R") with the State Compensation Insurance Fund, the workers compensation insurer for Interstate. The C & R provided for a $150,000 award, with allocations for temporary disability benefits, permanent disability benefits, "out-of-pocket" expenses, and attorney's fees. The Workers' Compensation Appeal's Board entered an order approving the C & R.

On February 28, 2005, Mustang Claim Service, a third party claims administrator for Fairfield, sent Dudra a letter denying permanent disability benefits under Fairfield's policy. The stated reason for the denial was that the policy "does not provide for benefits if you claim or receive worker's compensation benefits for this injury." The letter quoted a policy provision entitled "Non-Duplication of Workers' Compensation Benefits."

On June 28, 2007, Dudra filed this action in state court and Fairfield then removed to federal court. Dudra claimed breach of contract, fraud, and bad faith. The fraud claim was later

dismissed. (Order, October 2, 2007.) Fairfield has now moved for summary judgment on Dudra's remaining breach of contract and bad faith claims.

## II. LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If, as here, the moving party does not bear the burden of proof at trial, the moving party is entitled to summary judgment if he can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Id. Once the moving party meets its burden, the burden shifts to the nonmoving party, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. It is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his pleadings." Id. at 259. Instead, the nonmoving party must go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 325. The nonmoving party need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Id. at 324.

1    A genuine issue exists if "the evidence is such that a
2 reasonable jury could return a verdict for the nonmoving party,"
3 and material facts are those "that might affect the outcome of the
4 suit under the governing law." <u>Anderson</u>, 477 U.S. at 248.  Thus,
5 the "mere existence of a scintilla of evidence" in support of the
6 nonmoving party's claim is insufficient to defeat summary judgment.
7 <u>Id.</u> at 252.  Furthermore, no genuine issue of fact "[w]here the
8 record taken as a whole could not lead a rational trier of fact to
9 find for the non-moving party." <u>Matsushita Elec. Indus. Co. v.</u>
10 <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**III. DISCUSSION**

    A.   <u>Plaintiff's Breach of Contract Claim</u>

This case raises the issue of an insurer's duty to notify an insured of exclusions from coverage under an insurance policy.  In moving for summary judgment, Fairfield argues that its policy only provides benefits to an insured who does not claim workers' compensation benefits.  Fairfield points to a policy provision entitled "Non-Duplication of Workers' Compensation Benefits" that states:

> If You claim benefits under any workers' compensation, Occupational Disease or similar law, no benefits are payable under the Insurance for any loss for which You claim coverage or are eligible to claim coverage under such laws.
> If You claim benefits under this Insurance and, at a later date, claim benefits for the same loss under any workers' compensation, Occupational Disease or similar law, We have the

4

right to recover from You the amount of benefits paid for such loss under the terms of this Insurance Policy.
(Fairfield Policy, Declaration of Lynn Canterbury, Ex. A.) Because Dudra claimed and received workers' compensation benefits, Fairfield contends that this provision bars Dudra from obtaining permanent disability benefits. (Def.'s Mot. 4-5.)

Notwithstanding the policy language, Dudra argues that Fairfield is barred from invoking the policy to deny benefits because he was never provided with a copy of the policy or otherwise advised of its terms. As a result, Dudra was not informed of the consequences for his coverage under Fairfield's policy if he claimed workers' compensation benefits. Fairfield counters that it "disclosed the non-duplication provision at the proper time, after Dudra made a workers' compensation claim," because it had no obligation to disclose the provision until Dudra filed his workers' compensation claim. (Fairfield's Supp'l. Br. 4.)

The issue is whether Fairfield had a duty to provide Dudra with notice of the terms of its policy, and if so, when Fairfield was required to discharge that duty. Under the California Code of Regulations § 2695.4(a), "every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." Cal. Code Regs., tit. 10, § 2695.4(a). When an insurer fails to disclose a material provision of an insurance policy to an insured that makes a claim, an insurer may be estopped from relying on that provision in denial of an insured's claim for benefits. See, e.g., Spray,

Gould & Bowers v. Associated Internat. Ins. Co., 71 Cal. App. 4th 1260, 1269 (1999); Neufeld v. Balboa Ins. Co., 84 Cal. App. 4th 759, 761-64 (2000).

Here, the Fairfield policy provides for both temporary and permanent disability benefits. Dudra first made a claim for temporary disability benefits on April 15, 2002. Based upon California Code of Regulations § 2695.4(a), the Court finds that Fairfield was required to disclose any exclusions from coverage related to Dudra's claim, at the very least, by the time that Dudra first filed the claim for temporary benefits. The regulation requires an insurer to disclose any coverage provision that "may apply to the claim presented by the claimant." Cal. Code Regs., tit. 10, § 2695.4(a). The language of Fairfield's policy indicates that the exclusion for claims covered by workers' compensation laws is applicable both to claims for temporary disability benefits and permanent disability benefits.[1] Once Fairfield received Dudra's claim for temporary disability benefits, it had a duty under the regulation to disclose any exclusion of coverage when an insured claims workers' compensation benefits.

Fairfield's disclosure of the non-duplication provision, after Dudra filed his workers' compensation claim, did not discharge its duty under the regulation. In its supplemental briefing to the Court, Fairfield explains that a copy of the policy was attached to a petition to dismiss Fairfield and Mustang Claims Service as

---

[1] Notably, the "non-duplication" clause appears after a section entitled "General Exclusions For All Benefits," (Ex. A, at 18) (emphasis added), suggesting that any exclusion of coverage for an insured claiming workers' compensation benefits would apply to all benefits provided for by the policy.

6

defendants in the workers' compensation action.  That petition was filed on June 30, 2003, more than a year after Dudra claimed temporary disability benefits under Fairfield's policy.  There is no evidence in the record that the relevant exclusions were disclosed to Dudra at the time that he claimed temporary disability benefits.

The Court, therefore, finds a triable issue of fact whether Fairfield is estopped from asserting the workers' compensation exclusion to deny Dudra benefits.  California courts have found non-compliance with California Code of Regulations § 2695.4(a) to create triable fact issues on estoppel.  See Spray, Gould & Bowers, 71 Cal. App. 4th at 1269; Neufeld, 84 Cal. App. 4th at 761-64.  "An insurer is estopped from asserting a right, even though it did not intend to mislead, as long as the insured reasonably relied to its detriment upon the insurer's action."  Vu v. Prudential Property & Casualty Ins. Co., 26 Cal. 4th 1142, 1153 (2005) (quoting Chase v. Blue Cross of California, 42 Cal. App. 4th 1142, 1157 (1996)).  Although the Court holds that Fairfield did not satisfy its duty to disclose material coverage provisions from its policy, there are triable issues of fact regarding detrimental reliance.  It must be shown that Fairfield's failure to disclose an exclusion when an insured claims workers compensation was relied upon by Dudra "to his injury."  See Spray, 71 Cal. App. 4th at 1268.  Dudra obtained $150,000 from workers' compensation.  The parties dispute the amount that Dudra would have received if he had sought benefits under Fairfield's policy.  While Fairfield proposes a 10% discounted present value to calculate Dudra's benefits under the policy, the discounted present value is an issue of fact.

Fairfield asserts that it had no duty to disclose the workers' compensation exclusion until Dudra brought a workers' compensation claim. For the reasons articulated in relation to Dudra's claim for temporary disability benefits, the Court finds this argument unavailing; Fairfield had a duty to disclose the workers' compensation exclusion under the California Code of Regulations.[2] Furthermore, this argument is troubling in light of the policy's apparent bar on benefits when an insured claims workers' compensation benefits. Fairfield informed Dudra of the non-duplication provision only after Dudra initiated the workers' compensation proceedings, at which time Dudra was already barred from receiving benefits under that provision. Essentially, Fairfield argues that it only had a duty to inform of the exclusion after Dudra was already excluded.

Upon being injured, Dudra had to make an election to apply for workers' compensation benefits or for benefits under his insurance policy. It was critical for purposes of making this election that Dudra know he may be barred from recovering benefits under the policy if he claimed workers' compensation. While workers' compensation covers employees, see S.G. Borello & Sons, Inc. v. Dep't of Industrial Relations, 48 Cal.3d 341, 403 (1989), and Fairfield's policy covers independent contractors, (see Fairfield

---

[2] Fairfield further argues that federal regulations place any duty to provide a copy of an insurance policy for truckers on the trucking copy. See 49 C.F.R. § 376.12(j)(2). Having reviewed the federal regulations, the Court finds nothing to suggest that independent federal regulations on trucking companies in any way supplant an insurer's duty under California state regulations to disclose material provisions of a policy when an insured makes a claim.

8

1 Policy, Ex. A, at 21),[3] whether a person is an employee or an
2 independent contractor is not always a clear-cut determination, see
3 S.G. Borello & Sons, Inc., 48 Cal.3d at 349-55.  Dudra reasonably
4 may have pursued benefits under the policy as an independent
5 contractor had he been informed that his claim for workers'
6 compensation would bar coverage under the policy.  That Dudra
7 ultimately recovered workers' compensation benefits does not alter
8 the fact that Fairfield's failure to notify Dudra of the relevant
9 coverage provisions at the appropriate time deprived him of the
10 opportunity to make an informed decision whether to seek benefits
11 under workers' compensation or under the policy.

12     Accordingly, the Court finds issues of fact whether Fairfield
13 should be estopped from relying on the policy to deny coverage for
14 benefits.  At this time, the Court need not reach the question of
15 policy interpretation.[4]

        B.   **Bad Faith**

17     The statute of limitations for insurance bad faith
18 actions is two years.  See Cal. Civ. Code § 339; Smyth v. USAA
19 Property & Casulty Ins. Co., 5 Cal. App. 4th 1470, 1477 (1992).

---

[3] The "Eligible Classes" for benefits under the policy include an "Owner/Operator."  To be an "Owner/Operator," a person must meet several criteria, among which are being "an independent contractor as defined by law" and "not an employee."  (Ex. A, at 21.)

[4] In the alternative, Dudra argued that the policy was ambiguous.  Furthermore, to the extent that a non-duplication provision allows an insurer to deny benefits when a person brings a claim for workers compensation benefits, regardless of whether that person is found to be an employee that is covered by the workers' compensation system or an independent contractor that is not covered, this raises the question whether such a provision is unconscionable.  Because the Court finds issues of fact on estoppel, the Court also does not address whether the provision is unconscionable.

1  Once the insurer has made an "unequivocal denial" of the insured's
2  claim, the statute of limitations begins to run.  <u>Singh V. Allstate</u>
3  <u>Ins. Co.</u>, 63 Cal. App.4th 135, 143 (1998).  The statute of
4  limitations for a bad faith claim is not tolled if the insured
5  appeals the denial with the insurance company.  <u>Id.</u>
6      Plaintiff received a letter from Defendant denying his claim
7  for permanent disability on February 28, 2005.  The letter states
8  "[t]he Occupational Accident policy does not provide benefits if
9  you claim or receive worker's compensation benefits for this
10 injury. . . . Because you are now receiving worker's compensation
11 benefits for this injury, you are not entitled to Permanent Total
12 Disability benefits under the Occupational Accident policy."
13 (Declaration of Lynn Canterbury, Exh. C.)
14      The Court considers the letter an unequivocal denial of
15 benefits.  Therefore, the statute of limitations began running on
16 February 28, 2005.  As Plaintiff did not file this action until
17 June 28, 2007, more than two years after the denial of benefits,
18 the statute of limitations has run.  Plaintiff's bad faith claim is
19 barred.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

10

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion in part and DENIES the motion in part. The Court denies summary judgment on Dudra's breach of contract claim. The Court grants summary judgment for Fairfield on Dudra's bad faith claim.

IT IS SO ORDERED.

Dated: March 11, 2008

_____
DEAN D. PREGERSON
United States District Judge